IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILAS GARCIA,

      Plaintiff,

vs.                                    Civ. No. 96-1459 MV/LCS

CITY OF ALBUQUERQUE, et al.

      Defendants.


<u>MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION</u>[1]

1.   **THIS MATTER** comes before the court by Order of Reference pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), filed May 21, 1997.  The dispositive motions filed are: 1) Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing (Docket No. 40); 2) Defendant City of Albuquerque's Motion to Dismiss Tort Claims (Docket No. 42); 3) Defendant City of Albuquerque's Motion for Summary Judgment as to Plaintiff's 4th Amendment Claims (Docket No. 44); 4) Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Denial of Due Process

---

[1]    Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

(Docket No. 46) and Plaintiff's Counter-Motion for Summary Judgment on Plaintiff's Due Process Claims (Docket No. 49); 5) Defendant Julia Bain's Motion for Summary Judgment as to Professional Liability Claims on Count 8 (Docket No. 50); and 6) Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 & 7 (Docket No. 52). Each will be addressed separately.

<u>Factual Background</u>

2.    Plaintiff was a City bus driver working for the Transit Department prior to his termination.  He was terminated because he was required by the Transit Department to submit to a random drug test which was subsequently reported to be positive for the metabolites of marijuana.  Pursuant to the City's Merit System Ordinance (MSO), Plaintiff requested a grievance hearing to challenge his termination which hearing was held before the Personnel Board's Hearing Officer on April 19, 1996.  Following the hearing, the Hearing Officer submitted a report of the hearing to the Personnel Board which recommended that the Personnel Board uphold the termination of the Plaintiff.  On May 15, 1997, the Personnel Board reviewed the Hearing Officer's report and decided to reinstate Plaintiff with a sixty day suspension and mandatory enrollment in the City's Employee Assistance Program (EAP) with follow-up drug testing.  After Plaintiff enrolled in EAP, he was offered a position as a security guard with his previous pay and hours.  Plaintiff never reported for that position.  In the meantime the City appealed the Personnel Board's decision to State

2

District Court.   Plaintiff defaulted on the appeal.   The Personnel
Board reversed its previous decision and an order upholding the
termination of Plaintiff was entered on October 15, 1997.

Legal Standards

3.   Summary judgment is proper only if the record shows that
there is no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law.   Quaker
State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522,
1527 (10th Cir. 1995).   The Federal Rules of Civil Procedure
provide that it is the movant's burden to demonstate the absence of
a genuine issue of material fact.   See Celotex Corp. v. Catrett,
477 U.S. 317, 321-23 (1986).   Once the movant has made such a
showing, the adverse party "may not rest upon the mere allegations
or denials of [their] pleading[s], [they] must set forth specific
facts showing that there is a genuine issue for trial."
Fed.R.Civ.P. 56(e).

4.   In ruling on a Rule 12(b)6 Motion, the Court must presume
as true all well pleaded allegations by the Plaintiff, must resolve
all doubts and inference in Plaintiff's favor, and must view the
facts in the light most favorable to Plaintiff.   Yoder v. Honeywell
Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). Legal conclusions
however, need not be so viewed, because dismissal under Rule 12 is
appropriate where no set of facts would allow a recovery by the
plaintiff.   E.g., Mann v. Conlin, 22 F.3d 100 (6th Cir. 1994) cert.
denied, 513 U.S. 870..   The Court's function in ruling on a motion

to dismiss for failure to state a claim is not to weigh potential evidence which may be presented at trial, but to assess whether the complaint is legally sufficient to state a claim.  E.g., Swoboda v. Dubach, 992 F.2d 286 (10th Cir. 1993).

    Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

5.   Plaintiff asserts that he has an employment contract with the City of Albuquerque.  Defendant admits, for the purpose of the Motion, that Plaintiff does have an employemnt contract and that that the terms are established by the MSO.  At the time of Plaintiff's termination the MSO provided a specific procedure for resolving claims that the employment contract was breached by a termination without justifiable cause.  The MSO established a contractual grievance resolution procedure to hear and determine the merits of such claims.  In entering this employment contract the parties established a remedy in the event of a breach. The Courts have found that these agreements with respect to remedy provisions are valid and enforceable.  Hopper v. Reynolds, 81 N.M. 255, 261, 466 P.2d 101 (1970); Zamora v. Village of Ruidoso Downs, 120 N.M. 778, 780-82, 907 P.2d 182 (1995).  Plaintiff availed himself of these remedies.  The City did not contract to provide more.  Thus, there is no basis for claiming a breach and Plaintiff's claim should be dismissed.  Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Breach

4

of Contract and Breach of the Covenant of Good Faith and Fair Dealing should be granted.

<u>Defendant City of Albuquerque's Motion to Dismiss Tort Claims</u>

6.    Claims for *prima facie* tort, intentional infliction of emotional distress and professional misconduct are barred by the New Mexico Tort Claims Act.   The Tort Claims Act provides, in relevant part, that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability from any tort except as waived by Sections 41-4-5 through 41-4-12 N.M.S.A. 1978."  N.M.S.A. 1978 §41-4-4A.  The City of Albuquerque and its Personnel Board are "governmental entities" as defined by the New Mexico Tort Claims Act.  See 1978 N.M.S.A. §§41-4-3B and 41-4-2C.   The individually named Defendants are "public employees" acting within the "scope of duty" as defined by the Tort Claims Act.  1978 N.M.S.A. §41-4-3F.  The Tort Claims Act does not waive liability for *prima facie* tort, intentional infliction of emotional distress or professional misconduct.  See §41-4-5 through 41-4-12 1978 N.M.S.A.  Thus the City Defendants are immune from liability for these claims under the Tort Claims Act. Defendant City of Albuquerque's Motion to Dismiss Tort Claims should be granted.

<u>Defendant City of Albuquerque's Motion for Summary Judgment as</u>
<u>to Plaintiff's 4th Amendment Claims.</u>

7.    In 1991 Congress enacted the Omnibus Transportation

Employee Testing Act.   Pursuant to the Act, the Secretary of Transportation promulgated regulations requiring recipients of Federal Transit Authority funds to institute drug and alcohol testing programs for their safety-sensitive employees.  49 C.F.R. §653.  The regulations state that "the purpose is to require a recipient to implement an anti-drug program to deter and detect the use of prohibited drugs by covered employees." 49 C.F.R. §653.5. The City is a "recipient" of federal financial assistance.   49 C.F.R. §653.7.  A "covered employee" is one who performs safety-sensitive functions.  Id.  A "safety-sensitive function" is defined as "operating a revenue service vehicle."  City buses are revenue service vehicles.

8.   Plaintiff's state law claim of invasion of privacy rights are preempted by this federal law.  Keaveney v. Town of Brookline, 937 F. Supp. 975, 982 (D.Mass.  1996) ("I conclude that the Act's pre-emptive language is clear: any state law provisions, the enforcement of which would obstruct the deterrent effect of this legislation or the nationwide uniformity of testing rules, are pre-empted.") The Act expressly pre-empted any state law which is contrary to the DOT regulations concerning drug and alcohol testing.  49 U.S.C. §5331(f) states that "[A] State or local government may not prescribe or continue in effect a law, regulation, standard or order that is inconsistent with a regulation prescribed under this section...".  Thus, Plaintiff's state law claims should be dismissed.

9.   Plaintiff's federal claims under the Fourth Amendment should also be dismissed.  It is well established that a urinalysis drug test required by a government employer for the purpose of detecting illegal drug use is a search subject to the Fourth Amendment and therefore must be reasonable.  <u>National Treasury Employees Union v. Von Raab</u>, 489 U.S. 656 (1989).   To determine whether a search is reasonable the courts weigh the government interest in conducting a search against the individual privacy interest implicated by the search.   <u>Skinner v. Railway Labor Executives' Assoc</u>., 489 U.S. 602, 620 (1989).   In <u>Skinner</u>, the Court found that a governmental interest in protecting the public was compelling enough to allow drug testing without individual suspicion.  <u>Skinner</u>, 489 U.S. at 628.  Further, because Plaintiff is in a job which is the subject of significant regulation, he has a lowered expectation or privacy.  <u>Von Raab</u>, 489 U.S. at 677. Other courts have found similarly.  <u>NUEU v. Yuetter</u>, 918 F.2d 968, 971-972 (D.C. Cir. 1990); <u>Burka v.NYC Transit Authority</u>, 739 F. Supp. 814, 821 (S.D.N.Y. 1990).  Defendant City of Albuquerque's Motion for Summary Judgment as to Plaintiff's Fourth Amendment Claims should be granted.

> <u>Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Denial of Due Process and Plaintiff's Counter-Motion for Summary Judgment on Plaintiff's Due Process Claims.</u>

10.  As will be addressed later in these findings, this is the only Motion to which Plaintiff responded.  Plaintiff's response,

7

however, is untimely.   In filing a late response, Plaintiff has
consented to Defendant's Motion.   D.N.M.LR-Civ. 7.3 and 7.6.
Though the Court may dismiss on this ground, it will, as with the
other Motions, address the merits of Plaintiff's allegations.

11.   Plaintiff had a difficult time framing his due process
claims.   In his Complaint, Plaintiff alleges that he was denied due
process because he was not reinstated as a bus driver.   On Page 8
of Plaintiff's response he states that he has "two distinct due
process claims."   Plaintiff claims that there was a due process
violation because he was not reinstated and that the Board's
"punishment was irrational, unreasonable, and unconstitutional."
On page 11, Plaintiff states that the procedural issue is "whether
a hearing resulting in a decision that is disregarded by the City
can be 'meaningful' or can provide constitutionally adequate due
process."   Plaintiff further states that the substantive issue is
"whether the City's disregard for its process constitutes a
substantive due process violation."

12.   A tenured public employee is entitled to due process in
the form of notice and opportunity to be heard in a right-of-reply
hearing before being terminated, and a full evidentiary hearing
after being terminated.   <u>Cleveland Board of Education v.
Laudermill</u>, 470 U.S. 532 (1985).   Plaintiff was given all the
process he was due.   Further, Plaintiff's allegations do not amount
to a denial of due process.

13.   The facts regarding the personnel decision are as

8

follows.  The City Hearing Officer initially recommended that Plaintiff be terminated.  The Personnel Board decided to reinstate him.  The City appealed that decision.  Plaintiff failed to respond to pleadings in that appeal.  The City requested a default judgment in its favor.  Plaintiff's attorney prepared the Order of Default. The Order of Default remanded the case to the Personnel Board which reversed its previous decision and adopted the original recommendation of the Hearing Officer.  Plaintiff appears to argue that he wants the original decision to be reinstated. If Plaintiff wanted to challenge that decision he should have responded to pleadings on appeal and not defaulted. <u>City of Albuquerque v. Silas Garcia</u>, CV-96-06068, Second Judicial District, County of Bernalillo, State of New Mexico, July 15, 1997.

14.  The state court decision must be given full faith and credit in federal court.  <u>Edmunson v. Borough of Kennett Sq</u>., 4 F.3d 186, 189 (3rd Cir. 1993) <u>citing</u>, <u>Kramer v. Chemical Construction Corporation</u>, 456 U.S. 461, 479-485 (1982).

15.  Plaintiff alleges that the City violated state law.  This is not a cognizable due process claim. Failure to conform to state procedures is not by itself actionable as a federal due process violation.  <u>Patterson v. Coughlin</u>, 761 F.2d 886, 891 (2nd Cir. 1985) <u>cert. denied</u>, 474 U.S. 1100 (1986).; <u>Endicott v. Huddleston</u>, 644 F.2d 1208, 1214 (7th Cir. 1980).

16.  Plaintiff cannot prove any substantive due process violations.  As stated by the Eleventh Circuit and relied on by

this district, the "substantive component of the Due Process Clause protects those rights which are 'fundamental'" and employment is not one of those fundamental rights.  McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc) cert. denied, 513 U.S. 1110 (1995) cited in Roe v. Miners' Colfax Medical Center, Civ. 96-392 BB/WWD (April 1, 1997). Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Denial of Due Process should be granted and Plaintiff's Counter-Motion for Summary Judgment on Plaintiff's Due Process Claims should be denied.

Defendant Julia Bain's Motion for Summary Judgment as to Professional Liability Claims–Count 8.

17.  The claim against Defendant Bain in Count 8 is that she departed from professional standards applicable to her particular profession.  Plaintiff has not identified any expert or submitted any expert reports.  Thus, Plaintiff does not have expert testimony regarding the professional standards applicable to this Defendant nor expert testimony that these standards were violated.  The deadline for these submissions has passed and Plaintiff has not requested an extension.  Expert testimony is an essential element of Plaintiff's case against this Defendant. Without it, summary judgment must be granted.  Burkhart v. Davies, 602 A.2d 56 (Del. 1991) cert. denied,504 U.S. 912(1992) ; Note also, Reich v. Price, 429 S.E. 2d 372 (N.C. App. 1993); See also, Blauwkamp v. University of New Mexico Hospital, 114 N.M. 228, 836 P.2d 1249 (Ct. App. 1992), cert. denied, 114 N.M. 82, 835 P.2d 1249.  Defendant Julia

Bain's Motion for Summary Judgment as to Professional Liability Claims on Count 8 should be granted.

    Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 & 7.

    18.  Plaintiff alleges *prima facie* tort and the intentional infliction of emotional distress in counts 6 & 7. These claims are both intentional tort claims. Schmitz v. Smentowski, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). As discussed *supra*, the Tort Claims Act grants immunity from liability for any tort except as those specifically waived.  There is no waiver provisions for claims of prima facie tort or intentional infliction of emotional distress. 1978 NMSA §§41-4-5 through 41-4-12.  Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 and 7 should be granted.

    Sanctions

    19.  The procedural history of the dispositive motions filed in this case is as follows.  Defendant Karen Mulloy, D.O. filed a Motion to Dismiss.  Plaintiff stipualted to the granting of this Motion and as a result the claims against Mulloy were dismissed without prejudice on December 30, 1996.  Defendants City of Albuquerque Personnel Board's and James Foley's Motion to Dismiss on grounds of Absolute Immunity was filed on February 21, 1997. Plaintiff did not respond and the District Judge dismissed these parties without prejudice on February 28, 1997.  Plaintiff only

11

responded to one of the motions addressed in this recommended disposition. Chief Judge John C. Conway in an unpublished opinion filed March 11, 1997 put Plaintiff's counsel on that "this type of behavior is not acceptable and will not be tolerated in the future." <u>Solid Waste Drivers' Association, v. City of Albuquerque,</u> 1997 WL 280761 (D.N.M. 1997). This Court recommends that Plaintiff's counsel be sanctioned to prevent Plaintiff's counsel from filing claims he clearly does not intend to prosecute and which do not have any basis in law or fact.

## Recommended Disposition

For these reasons, I recommend that:

1) Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing be granted;

2) Defendant City of Albuquerque's Motion to Dismiss Tort Claims be granted;

3) Defendant City of Albuquerque's Motion for Summary Judgment as to Plaintiff's Fourth Amendment Claims be granted;

4) Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Denial of Due Process be granted;

5) Plaintiff's Counter-Motion for Summary Judgment on Plaintiff's Due Process Claims be denied;

6) Defendant Julia Bain's Motion for Summary Judgment as to

12

Professional Liability Claims-Count 8 be granted;

      7)    Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 and 7 be granted; and

      8)    Sanctions be imposed against Plaintiff's counsel in the amount of defense counsel's fees and costs in filing all motions to which the Plaintiff did not respond.

                                      **Don J. Svet**
                                   **UNITED  STATES  MAGISTRATE  JUDGE**