# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SILAS GARCIA,

      Plaintiff,

vs.                                     CIV No. 96-1459 MV/LCS

CITY OF ALBUQUERQUE,
LAWRENCE RAEL, Chief Administrative
Officer, ANNE WATKINS, Director of
Transit Department, CITY EMPLOYEE
HEALTH CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for an Order to Show

Cause **[Doc. No. 84]** and Plaintiff's Motion for Rule 11 Sanctions **[Doc. No. 93]**.  The Court,

having considered the motions, briefs, relevant law and being otherwise fully informed, finds that

Defendants' Motion for an Order to Show Cause **[Doc. No. 84]** will be **DENIED**, and the Court

will rule on Plaintiff's Motion for Rule 11 Sanctions **[Doc. No. 93]** after a hearing on that

Motion.

## BACKGROUND

On October 22, 1996, Plaintiff Silas Garcia filed a Complaint alleging Fourth

Amendment and Due Process violations, breach of an express and implied employment contract,

prima facie tort, intentional infliction of emotional distress, and professional misconduct and malpractice due to the termination of his employment as a city bus driver after testing positive for marijuana. All parties to this action[1] consented to have Magistrate Judge Don J. Svet hear and decide the dispositive motions in this case **[Doc. Nos. 28, 29, 30]**, and the Court issued an Order of Reference, which referred all dispositive motions to Magistrate Judge Svet for any hearings, if warranted, and the recommended dispositions of the motions **[Doc. No. 32]**.

City Defendants filed a Motion to Dismiss Tort Claims **[Doc. No. 42]**. Defendant City of Albuquerque (the "City") filed a Motion for Summary Judgment as to the Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing **[Doc. No. 40]**, a Motion for Summary Judgment as to Plaintiff's 4th Amendment Claims **[Doc. No. 44]**, and a Motion for Summary Judgment as to Claims for Denial of Due Process **[Doc. No. 46]**. Defendant Julia Bain filed a Motion for Summary Judgment as to Professional Liability Claims—Count 8 **[Doc. No. 50]** and a Motion to Dismiss Intentional Tort Claims—Counts 6 & 7 **[Doc. No. 52]**. Plaintiff only responded to Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Denial of Due Process, and submitted a Counter-Motion for Summary Judgment on Plaintiff's Due Process Claims **[Doc. No. 49]**.

In his Analysis and Recommended Disposition **[Doc. No. 66]**, Magistrate Judge Svet

---

[1]Defendants Karen Molloy, City of Albuquerque Personnel Board, and James Foley were dismissed without prejudice on December 30, 1996, and February 28, 1997. **[Doc. Nos. 8 & 23]** Thus, it was unnecessary for these defendants to consent to the referral of all dispositive motions. Although Defendants Employee Assistance Program and Julia Bain consented to the referral **[Doc. No. 30]**, they were subsequently dismissed as parties to this action on July 29, 1997, and April 8, 1998, respectively **[Doc. Nos. 33 & 69]**. Therefore, the remaining defendants in this action are the City of Albuquerque, Lawrence Rael, Anne Watkins, and the City Employee Health Center ("City Defendants").

recommended granting all of Defendants' motions and denying Plaintiff's counter-motion. Magistrate Judge Svet also recommended the imposition of sanctions on Plaintiff's counsel, Mr. Livingston, "to prevent [him] from filing claims he clearly does not intend to prosecute and which do not have any basis in law or fact." (Magistrate Judge's Analysis and Recommended Disposition at 12, *Garcia v. City of Albuquerque* (D.N.M. 1998) (CIV No. 96-1459 MV/LCS) ("Recomm. Disp.").) In support of his recommendation for sanctions, Magistrate Judge Svet cited an unpublished opinion by Judge John E. Conway, who chastised Mr. Livingston for failing to respond to any of the defendants' motions in that case and warned him that he was "put on notice that this type of behavior is not acceptable and will not be tolerated in the future." *Solid Waste Drivers' Ass'n v. City of Albuquerque*, CIV No. 96-1421 JC/LFG, 1997 WL 280761, at *5 (D.N.M. Mar. 11, 1997), *quoted in* Recomm. Disp. at 12.

After considering Plaintiff's Objections to Magistrate Judge's Analysis and Recommended Disposition **[Doc. No. 70]** and Defendants' Response in Support of Magistrate Judge's Recommended Disposition **[Doc. No. 71]**, the Court adopted Magistrate Judge Svet's recommendation in its entirety,[2] including the recommendation for sanctions **[Doc. No. 73]**. Pursuant to the Court's Order, Defendants' counsel submitted attorneys' fees and costs for the motions to which Plaintiff did not respond. **[Doc. Nos. 75 & 76]** Plaintiff then filed a Motion for Reconsideration **[Doc. No. 77]**, which the Court summarily denied because Plaintiff merely recited the same arguments already addressed by the Court **[Doc. No. 80]**. Plaintiff appealed to

---

[2]By adopting Magistrate Judge Svet's recommendations, the Court granted Defendant Julia Bain's Motion for Summary Judgment as to Professional Liability Claims and Motion to Dismiss Intentional Court Claims. However, the Court's Order was entered on May 29, 1998, at which time Defendant Bain had already been dismissed as a party to this action. Thus, the Court should have denied her motions as moot.

the Tenth Circuit Court of Appeals, which affirmed this Court's rulings on November 13, 2000. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000). It should be noted that Plaintiff did not appeal the imposition of sanctions, which was, thus, not addressed by the Tenth Circuit.

Defendants now request an Order to Show Cause why Mr. Livingston has not paid the sanctions despite the Court's Order and recent correspondence requesting payment. Magistrate Judge Svet held hearings on the Motion for an Order to Show Cause on March 12, 2002, and April 15, 2002, but concluded that this issue would be more properly addressed by this Court.

## DISCUSSION

While it is true that the Court ordered sanctions to be imposed on Plaintiff's counsel, it is equally true that it did not order the payment of a specified amount. Therefore, Plaintiff has a valid reason for not making payment as of this date, and the Court finds that an Order to Show Cause would not be appropriate at this juncture. However, this does not resolve the issue of sanctions. Because over four years have passed since the Court ordered sanctions on Mr. Livingston, it will require a hearing with regard to the propriety of sanctions and the amount of sanctions. At the hearing, the Court will also address Plaintiff's Motion for Rule 11 Sanctions.

**IT IS THEREFORE ORDERED** that Defendants' Motion for an Order to Show Cause **[Doc. No. 84]** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that within 15 days of the filing of this Memorandum

Opinion and Order, counsel for the City Defendants must submit a supplemental brief in support of the award of sanctions, addressing the propriety of the recommendation of sanctions by Magistrate Judge Svet, the Court's authority to issue sanctions *sua sponte*, and the sufficiency of Mr. Livingston's actions to warrant sanctions. In its supplemental brief, counsel must also provide support, in the form of an affidavit, for a specified amount of sanctions to be awarded.

**IT IS FURTHER ORDERED** that within 15 days of the filing of this Memorandum Opinion and Order, counsel for Defendant Julia Bain must submit a supplemental brief in support of the award of sanctions, addressing all of the aforementioned issues to be discussed by the City Defendants, and additionally presenting support for the award of sanctions even though Defendant Bain was dismissed prior to the Court's order of sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must respond to any supplemental briefs within 15 days of their file date. Plaintiff's response must present in detail, and with factual and legal support, any objections to the award of sanctions and the specified amount of sanctions requested by Defendants.

**IT IS FURTHER ORDERED** that the failure of any party to comply with the Court's deadlines herein will be construed as a default against that party. The Court will conduct a hearing on the sanctions imposed on Plaintiff's counsel and Plaintiff's Motion for Rule 11 Sanctions **[Doc. No. 93]**, and will advise the parties of the time and place of such hearing by separate notice.

Dated this 24th day of September, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff</u>:
Paul Livingston, Esq.

<u>Attorney for Defendant</u>:
Charles W. Kolberg, Esq.
Carl J. Butkus, Esq.