IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SILAS GARCIA,

        Plaintiff,

vs.                                              CV No. 96-1459 MV

CITY OF ALBUQUERQUE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on its Order to Show Cause **[Doc. No. 107]** why sanctions should not be imposed against Plaintiff's counsel, Paul Livingston, and why sanctions should not be imposed against Defendants' counsel, Charles Kolberg, pursuant to Plaintiff's Motion for Rule 11 Sanctions **[Doc. No. 93]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that sanctions will be imposed against Plaintiff's counsel. The Court further finds that sanctions will not be imposed against Defendants' counsel and that, therefore, Plaintiff's Motion for Rule 11 Sanctions will be **DENIED**.

### DISCUSSION

***Sanctions against Plaintiff's counsel***

In the instant suit, Magistrate Judge Svet recommended that sanctions be imposed against Plaintiff's counsel, Mr. Livingston "to prevent [him] from filing claims he clearly does not intend to prosecute and which do not have any basis in law or fact." (Recomm. Disp. ¶19.) More specifically, Magistrate Judge Svet identified the following conduct as sanctionable:

(a) Livingston's stipulation to dismissal of Defendant Karen Mulloy as a

Defendant, after she had filed a motion to dismiss;

(b) Livingston's failure to respond to Defendants Albuquerque Personnel Board and James Foley's motions to dismiss for absolute immunity **[Doc. No. 19]**; and

(c) Livingston's failure to respond to the following dispositive motions:  Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing **[Doc. No. 40]**; Defendant City of Albuquerque's Motion to Dismiss Tort Claims **[Doc. No. 42]**; Defendant City of Albuquerque's Motion for Summary Judgment as to Plaintiff's Fourth Amendment Claims **[Doc. No. 44]**; Defendant Julia Bain's Motion for Summary Judgment as to Professional Liability Claims on Count 8 **[Doc. No. 50]**; and Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 & 7 **[Doc. No. 52]**.

After identifying this conduct in its Order to Show Cause, the Court held a hearing on October 15, 2003 to give Mr. Livingston an opportunity to respond to the sanctions recommendation.

When asked by this Court why his conduct was not sanctionable under Rule 11, Mr. Livingston offered a multitude of explanations, some of which were inconsistent and others that did not address the issue at hand.  Among other things, Mr. Livingston attempted to explain his failure to respond to motions by saying that he is a solo practitioner and responding to the flood of motions would have required too much time (Trans. at 12-13, 20); that he objected to the Magistrate Judge's authority to address the motions (Trans. at 20); that the court could have contacted him for his position on the motions (Trans. at 20, 35); that he had intended to dismiss some of the claims that were addressed in the Defendants' motions and therefore did not feel he needed to respond (Trans. at 17); that he agreed that some of the motions to dismiss were meritorious (Trans. at 34); that some of the motions were "frivolous" (Trans. at 60); and that the motions did not set out a "prima facie case" for summary judgment (Trans. at 57).

To the extent Mr. Livingston agreed with some of Defendants' motions, he should have

indicated as much through discussion with opposing counsel and through joint submission of an order appropriate to the motion, as required under the local rules. D.N.M. LR-Civ. 7.2 ("An unopposed motion must be accompanied by a proposed order approved by each party."). Mr. Livingston followed precisely such a procedure with regard to the motion to dismiss brought by Karen Mulloy, but inexplicably failed to do so with regard to the dismissal motion brought by the Albuquerque Personnel Board and then-Board chairperson James Foley. After Dr. Mulloy filed a motion to dismiss on the grounds that Mr. Livingston had failed to submit a medical malpractice complaint to the state's medical review board prior to having filed suit, as is mandatory procedure under NMSA 1978, § 41-5-15, the parties filed a stipulation to dismissal of Dr. Mulloy as a defendant because Mr. Livingston agreed with the merits of her motion. Rather than following the same steps and acknowledging the accuracy of the motion to dismiss brought by the Personnel Board and James Foley on grounds of absolute immunity, Mr. Livingston filed no response papers at all. Yet at the sanctions hearing, Mr. Livingston justified his refusal to file anything by saying that he had agreed with Defendants' legal arguments and had intended to dismiss the claims against those defendants anyway, asking the Court rhetorically, "why would I want to pursue that [claim], your Honor, when I'm being told there's immunity?" In reality, however, Mr. Livingston never himself dismissed the claims against the Personnel Board or Mr. Foley; those claims were dismissed by the Court on Defendants' motion alone. (Order filed 3/3/97 [Doc. No. 23].)

Thus, at least with some of the motions to which he did not respond, Mr. Livingston concedes that they arose from plainly meritless or unactionable claims he had filed. The Court cautions Mr. Livingston against bringing claims that he ought to know are untenable, based on his own prior practice or that can be discovered with minimal diligence. With regard to the immunity

-3-

of the Albuquerque Personnel Board and Mr. Foley, Mr. Livingston was appellant's counsel in

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1530-31 (10th Cir. 1996), in which the Tenth

Circuit upheld the trial court's grant of absolute immunity to the Personnel Board and individual

members of the Board.  Moreover, at the sanctions hearing before this Court, Mr. Livingston

himself stated that he "had been warned repeatedly, by primarily [Magistrate Judge] Garcia, but

[also] others, that [he] not dare name certain parties in Complaints.  And those parties were the

City personnel board and the City personnel board hearing officers."  (Trans. at 8.)  In fact, Mr.

Livingston stated he had been told that it would be "misconduct if [he] name[d] them in the

complaints."  (Trans. at 8.)  Yet, neither his own practice nor the admonitions of the courts

prevented Mr. Livingston from naming those parties as Defendants in the present case.

That Mr. Livingston personally found Defendants' motions to be baseless or otherwise

legally insufficient does not logically explain his failure to file responsive papers.  Under the local

civil rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the

time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LR-CIV. 7.1.

Thus, even if Mr. Livingston had valid legal or factual objections to the motions, the Court would

never hear his case because Defendants' motions would be granted by default, with the exception

of their summary judgment motions.  *See, e.g., Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.

2002) (holding that "party's failure to file a response to a summary judgment motion is not, by

itself, a sufficient basis on which to enter judgment against the party" and that "district court must

make the additional determination that judgment for the moving party is 'appropriate' under Rule

56.").  With Defendants' summary judgment motions, the fact that the Court must go through a

Rule 56 analysis even if no response is filed makes Mr. Livingston's failure to have explained his

-4-

objections to Defendants' motions all the more incomprehensible.  In the absence of any factual or

legal argument from counsel, the Court was left to consider only the evidence then before it,

without benefit of counsel's legal theory or evidentiary presentation.

However improper Mr. Livingston's inaction or inadequate his explanations for his

inaction in the present case may be, the Court only finds part of his conduct to be sanctionable

under the standards set forth in Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides

that by presenting a pleading, written motions or other papers to the court, an attorney certifies

> that to the best of the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances, – (1) it is not being presented for any
> improper purpose, such as to harass or to cause unnecessary delay or needless
> increase in the cost of litigation; (2) the claims, defenses, and other legal
> contentions therein are warranted by existing law or by a nonfrivolous argument
> for the extension, modification, or reversal of existing law or the establishment of
> new law; (3) the allegations and other factual contentions have evidentiary support
> or, if specifically so identified, are likely to have evidentiary support after a
> reasonable opportunity for further investigation or discovery; and (4) the denials of
> factual contentions are warranted on the evidence or, if specifically so identified,
> are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b).

If the court concludes, after notice and an opportunity to respond has been provided, that an

attorney has violated any of these provisions, sanctions may be imposed against the attorney in

accordance with Rule 11(c).

Although some time has elapsed since the close of litigation in this case, the Supreme

Court has specified that "even under Rule 11, sanctions may imposed years after a judgment on

the merits."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991) (citing inter alia *Cooter & Gell v.*

*Hartmax Corp.* 497 U.S. 384, 395-96 (1990); *White v. Gen. Motors Corp.,* 908 F.2d 675 (10th

Cir. 1990)).  The claims initially brought against Dr. Karen Mulloy, the Albuquerque Personnel

Board and James Foley were frivolous and in violation of the requirement set forth in Rule 11(b)(2). "Rule 11 imposes an obligation on the signer of a pleading to conduct a reasonable inquiry into whether the pleading is legally frivolous or factually unsupported." *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1484-85 (10th Cir. 1989). As Mr. Livingston acknowledged in his subsequent stipulation to dismissal of Dr. Mulloy as a defendant, state law clearly indicates that suit cannot be brought against individuals like Dr. Mulloy without prior presentation to the state medical review board. As for the Personnel Board and Mr. Folley, that Mr. Livingston knew or should have known that these parties are afforded absolute immunity from civil suit is apparent from his own litigation experience, as explained above. *Cf. White*, 908 F.2d at 682 ("Part of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case."). Thus, the Court will impose sanctions in the amount of $200 on Mr. Livingston for having filed claims that were not warranted under the law at the time they were filed and that were not supported by any argument for modification of or exemption from the governing law. Given the nature of Mr. Livingston's practice, the Court believes this amount to be the minimum necessary for detering Mr. Livingston from engaging in such conduct in the future. *See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152 (10th Cir. 1991)

Regarding his failure to respond to the various other dispositive motions filed by Defendants, Mr. Livingston principally contends that he is not required by any procedural rule or legal authority to file responses and that under Rule 11, he only can be sanctioned for papers he actually files and therefore affirmatively endorses. Mr. Livingston is correct that the local rules do not contain any provision explicitly obliging parties to respond to substantive motions. In fact,

-6-

the rules' presumption that a party's failure to respond constitutes consent to grant the motion

demonstrates an acknowledgment that parties may not always file responses.  D.N.M. LR-CIV.

7.1(b).  However, the omission of any affirmative duty to respond does not mean that civil

procedural rules condone total *inaction* like that of Mr. Livingston.  Local rule 7.2's requirement

that parties jointly submit proposed orders for unopposed motions indicates that the rules always

require *some* response from nonmoving parties.  Even agreement must take the form of written

documentation.  In other words, while the rules may not impose an express obligation to file

responsive motions, they do require that all motions somehow be answered and accounted for by

the parties.  As such, Mr. Livingston's failure to submit any written indication of agreement with

the motions he did not oppose reveals a violation of local rule 7.2.

Assuming arguendo that repeated failure or refusal to respond to substantive motions in

civil litigation is not directly sanctionable under Rule 11, the Court nevertheless may impose

sanctions for such conduct under its inherent authority if it concludes that Mr. Livingston had

acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers*, 501 U.S. at

45-46 (quotations omitted), or under its statutory power if it finds Mr. Livingston's conduct had

"multiplie[d] the proceedings in [the] case unreasonably and vexatiously," 28 U.S.C. § 1927.

However, the Court's Order to Show Cause identified Rule 11 as the sole possible grounds for

imposing sanctions.  The Tenth Circuit has stressed that, because the Court's inherent authority to

impose sanctions and "§ 1927 differ[] from Rule 11 in standards, procedure, and punitive scope[,

] the pursuit of sanctions under one of these provisions does not constitute notice for purposes of

the other." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1185 (10th Cir. 2000).  Although at the hearing,

Defendants' counsel suggested the Court base a sanctions ruling against Mr. Livingston on its

inherent or statutory authority, the Court did not seek argument from Plaintiff's counsel on this point because "'[p]roviding the [sanctioned party] with an opportunity to mount a defense 'on the spot' does not comport with due process.'" *Id.* (quoting *1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d 1281, 1292 (5th Cir. 1991)) (alterations in original).

While the Court will not impose sanctions on Mr. Livingston for all of the conduct identified by the Court in its Order to Show Cause, it does urge Mr. Livingston to take greater care with his practice of law. The Court cautions Mr. Livingston against continuing to engage in the conduct he so vehemently defends which, as explained above, treads dangerously close to being abusive of the judicial process and unreasonably protracting litigation.

### *Sanctions against Defendants' counsel*

Plaintiff alleges Defendants' counsel, Charles Kolberg, violated Rule 11(b) when he filed his September 18, 2001 Motion for Order to Show Cause why Plaintiff's counsel had not paid sanctions. Plaintiff contends Mr. Kolberg should have known, under the clear language of Rule 11, that (a) sanctions had not been validly imposed against Plaintiff's counsel because of the lack of due process and (b) any sanctions order could not have directed Plaintiff's counsel to make payment to Defendants. Plaintiff adds that Defense counsel's statements in the motion and to Magistrate Judge Svet that there was "no reason why the fees have not been paid" was misleading and deceptive, given that no sanctions amount had ever been quantified.

Mr. Kolberg counters that the request for a show cause hearing on Mr. Livingston's nonpayment is not sanctionable conduct essentially because he had a good faith belief that proper procedures had been followed. Namely, Mr. Kolberg states that he had relied on this Court's Order of May 29, 1998, which adopted the Magistrate Judge's recommended disposition in its

-8-

entirely, including its recommendation of sanctions against Plaintiff's counsel.  Furthermore, Mr. Kolberg points out that when he filed the Motion for an Order to Show Cause, the sanctions ruling had not been overturned by the Tenth Circuit on Plaintiff's appeal nor had it been withdrawn by this Court for procedural deficiencies.  The Court does not believe sanctions are warranted given Mr. Kolberg's reliance on the prior judicial proceedings on this issue.

**IT IS THEREFORE ORDERED** that sanctions in the amount of $200 are hereby imposed against Plaintiff's counsel, Paul Livingston, and are to be paid to the Court within thirty (30) days of filing of this Memorandum Opinion and Order.  The Court further finds that sanctions will not be imposed against Defendants' counsel, Charles Kolberg, and that Plaintiff's Motion for Rule 11 Sanctions is hereby **DENIED**.

Dated this 6th day of November, 2003.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Paul Livingston

Attorney for Defendant:
Charles Kolberg

-9-