IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILAS GARCIA,

        Plaintiff,

vs.                                                                                                                  CV No. 96-1459 MV

CITY OF ALBUQUERQUE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of Wrongful Award of Sanctions Against Him **[Doc. No. 110]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds the motion is not well-taken and will be **DENIED**.

### BACKGROUND

In its Order **[Doc. No. 73]** of May 29, 1998, the Court adopted the Analysis and Recommended Disposition **[Doc. No. 66]** filed by United States Magistrate Judge Don Svet on March 31, 1998, in its entirety. In part, that Order included an acceptance of Magistrate Judge Svet's sua sponte recommendation that sanctions be imposed against Plaintiff's counsel, Paul Livingston. However, prior to issuance of the Order, the Court did not specifically describe the

sanctionable conduct or provide Mr. Livingston with an opportunity to be heard, as required by Rule 11 of the Federal Rules of Civil Procedure.  Furthermore, the Order itself did not meet Rule 11's requirement that an order imposing sanctions identify the conduct at issue and explain the reason for imposing sanctions.  Accordingly, this Court acknowledged in an Order to Show Cause filed on September 18, 2003 that its Order of May 29, 1998 did not have the effect of imposing sanctions because of its procedural and substantive deficiencies.

In the Order to Show Cause, the Court further directed Mr. Livingston to demonstrate why the following conduct did not violate Rule 11(b) of the Federal Rules of Civil Procedure and, therefore, why sanctions should not be imposed against him:

   (a) Plaintiff's counsel's stipulation to dismissal of Defendant Karen Mulloy as a Defendant, after she filed a motion to dismiss;

   (b) Plaintiff's counsel's failure to respond to Defendants City of Albuquerque Personnel Board and James Foley's motions to dismiss for absolute immunity; and

   (c) Plaintiff's counsel's failure to respond to the following dispositive motions: Defendant City of Albuquerque's Motion for Summary Judgment as to Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing **[Doc. No. 40]**; Defendant City of Albuquerque's Motion to Dismiss Tort Claims **[Doc. No. 42]**; Defendant City of Albuquerque's Motion for Summary Judgment as to Plaintiff's Fourth Amendment Claims **[Doc. No. 44]**; Defendant Julia Bain's Motion for Summary Judgment as to Professional Liability Claims on Count 8 **[Doc. No. 50]**; and Defendant Julia Bain's Motion to Dismiss Intentional Tort Claims-Counts 6 & 7 **[Doc. No. 52]**.

The Court also directed Defendants' counsel, Charles Kolberg, to show cause why sanctions should not be imposed as requested in Plaintiff's Motion for Rule 11 Sanctions **[Doc. No. 93]**, filed July 30, 2002.  As detailed in that motion, Plaintiff alleged that Mr. Kolberg had violated Rule 11(b) when he filed his September 18, 2001 Motion for Order to Show Cause why

Plaintiff's counsel had not paid sanctions **[Doc. No. 84]**, because Mr. Kolberg should have known, under the clear language of Rule 11, that sanctions had not been imposed validly.

The Court held a hearing on the issue of sanctions on October 15, 2003 and, on November 6, 2003, filed a Memorandum Opinion and Order imposing sanctions in the amount of $200 against Mr. Livingston, to be paid to the Court, and refusing to sanction Mr. Kolberg. On November 24, 2003, Mr. Livingston filed a motion to reconsider.

## DISCUSSION

Although the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, courts have routinely read such requests, if filed within ten days of the entry of judgment, as motions to alter or amend the judgment under Rule 59(e). *E.g., United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In other words, such a motion is inappropriate if the movant's sole purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). On the other hand, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or

the controlling law," *Servants of Paraclete*, 204 F.3d at 1012, or where "the party produces new evidence that could not have been obtained through the exercise of due diligence," *Comeau v. Rupp*, 810 F.Supp. 1172, 1175 (D.Kan. 1992). The decision to grant or deny a motion for reconsideration is committed to the court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In the matter presently before the Court, Mr. Livingston, nowhere discusses whether these criteria have been met. Instead, his motion largely rehashes arguments presented to the Court previously in briefs and at the October 15, 2003 sanctions hearing. In part, Mr. Livingston again insists that Rule 11 only allows for the imposition of sanctions for counsel's affirmative conduct and not for attorney inaction. The Court responded to this contention at length in its November 6, 2003 Memorandum Opinion and Order (prior Opinion). For purposes of the instant motion, it is sufficient to note that the sanctions order was based not on Mr. Livingston's failure to file response papers, but "for having filed claims that were not warranted under the law at the time they were filed and that were not supported by any argument for modification of or exemption from the governing law." Mr. Livingston also restates his claim that sanctions are inappropriate because of the amount of time that has lapsed since the conduct in question occurred. As discussed in the prior Opinion, this argument is contrary to the Supreme Court's unequivocal statement that, "even under Rule 11, sanctions may be imposed years after a judgment on the merits." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991).

Mr. Livingston's allegation that he was not provided with due process prior to imposition of the sanctions is equally lacking in merit. The Court issued its September 18, 2003 Order to Show Cause and held a hearing on the question of sanctions precisely because Mr. Livingston had

not been afforded due process when this Court adopted the magistrate judge's recommended disposition. In light of the notice and opportunity to be heard that was thus provided to Mr. Livingston, the Court finds no due process violation in having imposed sanctions against him after the hearing.[1]

Finally, to the extent Mr. Livingston argues that sanctions ought to be imposed on Mr. Kolberg for his misrepresentations, counsel has not cited and the Court has not found any cases suggesting that the Court has misapprehended the law or the facts in deciding not to impose sanctions against Mr. Kolberg. Mr. Livingston has presented only a disagreement with the Court's assessment that sanctions against Mr. Kolberg would be inappropriate because counsel had relied on findings and conclusions of the Court that were not found procedurally or substantively flawed until a later time. Such disagreement with the exercise of judicial discretion is not valid grounds for granting a motion to reconsider under Rule 59(e). Accordingly, Mr. Livingston's motion to reconsider the sanctions ruling against Mr. Kolberg must be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of Wrongful Award of Sanctions Against Him **[Doc. No. 110]** is hereby **DENIED**. Accordingly, Plaintiff's counsel, Paul Livingston, is directed to pay the $200 penalty imposed against him pursuant to this

---

[1] The Court notes that while Mr. Livingston expends considerable effort in his motion discussing why sanctions imposed sua sponte may not take the form of attorney's fees, this Court did not award costs or fees in this case: the sanctions imposed were ordered payable to the Court as a penalty only, which is entirely permissible under Rule 11.

Court's prior Opinion **[Doc. No. 109]** within thirty (30) days of filing of this Memorandum Opinion and Order.

    Dated this 17th day of March, 2004.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE


<u>Attorney for Plaintiff</u>:
Paul Livingston

<u>Attorney for Defendant</u>:
Charles Kolberg